MARY DOBBINS, as Administratrix, etc., of JOHN DOBBINS, Deceased, Respondent, v. MOSES E. MUMBLOW and JOSEPH P. DELAURIA, Appellants, and JOHN MUDRY, Defendant. IDA REDDICK, as Administratrix, etc., of MARTHA GRAY, Deceased, Respondent, v. MOSES E. MUMBLOW and JOSEPH P. DELAURIA, Appellants, and JOHN MUDRY, Defendant. HELEN BLYTHE, as Administratrix, etc., of JOHN O. BLYTHE, Deceased, Respondent, v. MOSES E. MUMBLOW and JOSEPH P. DELAURIA, Appellants, and JOHN MUDRY, Defendant. (Consolidated Action.) — Appeal by the defendants Mumblow and DeLauria from a judgment of the Supreme Court, entered in the Clinton county clerk's office on January 16, 1940, upon the verdict of a jury in favor of the plaintiff Dobbins for $2,076.75, the plaintiff Reddick for $3,409.50, and the plaintiff Blythe for $1,727.17. This

is the second time the Dobbins action has been before this court. On the previous appeal plaintiff-respondent Dobbins obtained a verdict which was set aside and her complaint dismissed. This court reversed and directed a new trial (257 App. Div. 1017). Upon the new trial the plaintiffs received verdicts in their favor. The action arises out of an automobile accident which happened on November 7, 1937, at one-twenty A. M. near the Headquarters Entrance to the United States Army Reservation on United States avenue in the city of Plattsburgh. United States avenue is a concrete highway, twenty feet in width, and runs generally north and south at the point of the accident, with an unobstructed view to the south of from 1,500 to 1,600 feet. Hard, smooth gravel shoulders are on each side and to the east of the easterly shoulder there is a sidewalk running along the west line of the United States Army Reservation. A taxicab owned by the defendant DeLauria and operated by the defendant Mumblow was parked off of the highway to the west headed in a southerly direction. Upon receiving a call, Mumblow drove the taxi onto the highway and turned towards the north. At that moment he was hailed by the decedent Dobbins, who with the decedents Blythe and Gray, was on the sidewalk on the easterly side of the highway. He drove his taxi across the westerly lane to the east side thereof and stopped it to converse with these prospective fares. Dobbins, Blythe and Gray left the sidewalk and approached the taxi and while they were standing on the easterly shoulder of the highway with Dobbins conversing with Mumblow the taxi and the decedents were struck by the car of the defendant Mudry coming from a southerly direction. The items of negligence charged against the appellants were lack of lights and violations of Vehicle and Traffic Law (§ 81, subd. 4, and § 86, subd. 8), relating respectively to stopping a car headed generally in the line of traffic and to stopping it close to the curb. The testimony as to the angle at which the taxicab was stopped ranges from its being faced east across the highway to that of the driver Mumblow that it was headed north. Mumblow also testified that the front wheel of the taxi was off the concrete some while the hind wheels were on it. The photographs show that the taxicab was struck on the right side and not in the rear. Upon all the evidence there were clear questions of fact as to these issues and the verdicts are amply supported. Judgment affirmed, with costs. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Schenck, J., dissents.